**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4184**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

BOBBY EVANS,

                Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:14-cr-00153-1)

Submitted:  August 27, 2018                          Decided:  August 30, 2018

Before DUNCAN, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Jonathan D. Byrne, Research and Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Monica D. Coleman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Evans appeals the district court's order revoking his supervised release and sentencing him to an 8-month term of imprisonment to be followed by a 22-month term of supervised release. Evans argues that, in lieu of prison, the district court should have ordered him to participate in an inpatient drug treatment program. For the reasons that follow, we reject Evans' argument and affirm the district court's judgment order.

In 2014, Evans was convicted of distribution of heroin and sentenced to 27 months' imprisonment, to be followed by 3 years' supervised release. After his release on supervision in May 2016, Evans violated the terms of supervised release by using and possessing controlled substances. Rather than revoke supervised release, the district court entered an order on March 23, 2017, modifying the terms of supervision by ordering Evans to attend drug abuse counseling and treatment as directed by the probation officer. Evans once again violated the conditions of supervised release by using and possessing controlled substances, failing to attend individual and group substance abuse counseling and treatment, and failing to appear for urine tests, as instructed. This time, the district court revoked supervised release and sentenced Evans to 6 months' imprisonment, to be followed by a 30-month term of supervised release. In addition to the standard conditions of supervised release, the court imposed the special condition that Evans participate in, and successfully complete, a 9- to 12-month residential drug abuse treatment program at Recovery Point.

When Evans completed his revocation sentence, he was released on supervision and immediately entered the Recovery Point residential drug treatment program.

2

However, six days later, Evans chose to leave the program, in violation of the special condition of supervised release. For the third time, the probation officer filed a petition for revocation of supervised release. At the revocation hearing, Evans admitted the violation and, based on Evans' admission, the court found by a preponderance of the evidence that he had violated the terms of his supervised release. This time, the district court revoked supervised release and sentenced Evans to 8 months' imprisonment to be followed by 22 months of supervised release. Evans appeals this order.

We review for abuse of discretion a district court's decision to revoke supervised release. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). Citing 18 U.S.C. § 3583(d) (2012), Evans argues that the district court abused its discretion by returning him to prison rather than allowing him to participate in another inpatient substance abuse treatment program.

Evans' argument fails, though, in light of the statutory provisions at issue here. Specifically, under 18 U.S.C. § 3583(g) (2012), revocation of supervised release is mandatory when the district court finds that a defendant has: (1) possessed a controlled substance in violation of the conditions of supervised release; (2) possessed a firearm in violation of federal law or the conditions of supervised release; (3) refused to comply with a condition of supervised release mandating drug testing; or (4) tested positive for controlled substances more than three times in a year. "[W]hen considering any action against a defendant who fails a drug test," the court must "consider whether the availability of appropriate substance abuse treatment programs, or an individual's current

or past participation in such programs, warrants an exception" from the mandatory prison term prescribed by § 3583(g). 18 U.S.C. § 3583(d) (2012).

The violation that resulted in the revocation of Evans' supervised release was not the use of illicit substances or any other violation triggering mandatory revocation of supervised release under § 3583(g) but, rather, Evans' failure to comply with the special condition of supervised release requiring him to participate in, and successfully complete, the 9- to 12-month substance abuse program at Recovery Point. Thus, as the Government rightly contends, the exception in § 3583(d) did not apply.

Evans admitted to violating the special requirement that he complete the 9- to 12-month drug abuse treatment program at Recovery Point. The district court observed that, the first time Evans was charged with violating the conditions of supervised relief, the court permitted him to remain on supervision with the modification that Evans was required to undergo drug abuse counseling and treatment as directed by the probation officer. Instead of complying with this modified condition, Evans proceeded to use illicit substances. This time, the court revoked Evans' supervised release. In lieu of a sentence within the 12- to 18-month Policy Statement range, the court imposed a 6-month prison term and the special condition of supervised release requiring his successful completion of the Recovery Point substance abuse program. Nevertheless, only days after his release on supervision, Evans violated this special condition by leaving the Recovery Point program. The court held that Evans' history of violating the conditions of supervised release, and his latest and most egregious breach of the court's trust when he violated the special condition of supervised release, made revocation of supervised release and

4

incarceration the appropriate course of action. We conclude that the court acted well within its discretion in revoking Evans' supervised release term on this basis. *See* U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b), p.s. (2014) (in fashioning an appropriate supervised release sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator").

Accordingly, we affirm the district court's sentencing decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*